# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL M. ODOM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 12-391-RAW-KEW |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in Pontotoc County District Court Case No. CF-2008-35 for First Degree Rape (Count 1), Forcible Sodomy (Count 2), Lewd Molestation (Count 3), and Rape by Instrumentation (Count 4), all after conviction of two or more felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA), and the petition also is second and successive. The following dates are pertinent to the motion to dismiss:

03/30/2011   Petitioner's Judgment and Sentence was affirmed in *Odom v. State*, No. F-2010-822 (Okla. Crim. App. Mar. 30, 2011).

06/28/2011   Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

10/13/2011   Petitioner filed his first habeas corpus petition in *Odom v. Trammell*, No. CIV-11-360-RAW-KEW (E.D. Okla. Aug. 29, 2012).

12/28/2011   Petitioner filed an application for post-conviction relief in the Pontotoc County District Court.

| | |
|---|---|
| 01/23/2012 | The state district court denied petitioner's application for post-conviction relief. |
| 02/10/2012 | The Oklahoma Court of Criminal Appeals dismissed petitioner's post-conviction appeal and denied jurisdiction in *Odom v. Dist. Ct. of Pontotoc County*, No. PC-2012 (Okla. Crim. App. Feb. 10, 2012). |
| 08/29/2012 | Petitioner's first habeas petition in Case No. CIV-11-360-RAW-KEW was dismissed as procedurally barred. No appeal was filed. |
| 09/11/2012 | Petitioner filed this second petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As set forth above, petitioner's direct appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on March 30, 2011. His conviction, therefore, became final on June 28, 2011, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249,

1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Pursuant to the AEDPA, petitioner's statutory year began to run on June 29, 2011, and it expired on June 29, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), this petition is deemed to have been filed on September 11, 2012, the day it was placed in the prison mail system. This was 74 days past the deadline imposed by the AEDPA.

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application on December 28, 2011, which was denied by the Pontotoc County District Court on January 23, 2012. The OCCA declined jurisdiction and dismissed petitioner's post-conviction appeal on February 10, 2012. Because the OCCA dismissed petitioner's appeal on procedural grounds, he is allowed the full 30 days granted in the state statute for perfection of an appeal after the trial court denied his post-conviction application. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law") (emphasis in original).

Allowing for the statutory tolling for petitioner's post-conviction proceedings, his filing deadline was extended 57 days until August 25, 2012. *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended"). This petition, filed on September 11, 2013 was untimely.[1]

---

[1] The pendency of petitioner's prior habeas action, dismissed as procedurally barred, did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), even though it was filed within the

Petitioner acknowledges in his response to the motion to dismiss that his petition is untimely, but alleges he did not know there was a one-year statute of limitations or how to file his legal work to prove his innocence. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

"[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998) (equitable tolling not justified by fact that petitioner did not know about AEDPA time limitation). Furthermore, apart from petitioner's unsupported claim, there is no evidence he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his habeas petition. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Therefore, his habeas corpus claims are barred by the statute of limitations. 28 U.S.C. § 2244(d).

Finally, the respondent asserts this petition is second and successive, and petitioner has failed to seek the required authorization from the Tenth Circuit to file such a petition, as required by 28 U.S.C. 2244(b)(3)(A).

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id*. (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254

---

statutory year. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

4

petition, this action is dismissed for lack of jurisdiction.

**ACCORDINGLY,** respondent's motion to dismiss (Docket No. 15) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**IT IS SO ORDERED** this 4th day of September 2013.


**Dated this 4th day of September, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma